LELAND J. ANDREWS *vs.* INHABITANTS OF HARTFORD.

Oxford.    Opinion November 18, 1925.

*Under Sec. 110 of Chap. 4, R. S., no judicial inquiry and finding is required, either that the sheep were killed by dogs or as to the number and value. The statute only requires an investigation by the municipal officers, and if satisfied that the injuries were caused by dogs or wild animals, they must either agree with the owner upon the damages, which would involve an agreement as to the number and value of the sheep within thirty days after notice of the loss or must select a referee to represent the town.*

In this case there being evidence from which the presiding Justice who heard the case without a jury could have found all the facts essential to the mainte-nance of the action, the exceptions must be overruled.

On exceptions. An action of debt to recover the amount of an award of referees alleged to have acted under Sec. 110 of Chap. 4, R. S., which relates to the determination of damages caused by killing or injury of sheep by dogs or wild animals. The case was heard by the presiding Justice without a jury who sustained the award of

the referees. The defendant contended that the referees were not selected and acted in accordance with the statute, hence their finding was unauthorized. To the ruling of the presiding Justice that the action was maintainable defendant excepted. Exceptions overruled.

The case fully appears in the opinion.

*Harry Manser and F. O. Purington,* for plaintiff.

*Frederick R. Dyer,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

WILSON, C. J. An action of debt to recover the amount of an award of referees alleged to have acted under Sec. 110 of Chap. 4, R. S. By the terms of the statute, an award of referees under it is final. The only question in the court below, therefore, was whether the referees were authorized to act in the premises, and were selected and acted in accordance with the Statute.

The action was heard below by the Justice presiding without a jury, with the right of exceptions reserved. The court held the action to be maintainable and gave judgment for the amount of the award, plus one half the expenses of the referees. To this ruling the defendant excepted and the case is before this court on the plaintiff's bill of exceptions.

The grounds upon which the defendant asks that its exceptions be sustained are: (1) that no notice of the loss of the sheep was given to one of the municipal officers of the defendant town within seven days after knowledge of the loss came to the plaintiff; (2) that any agreement by the selectmen to waive such notice was void and of no effect; (3) that the municipal officers made no investigation and finding, that they were satisfied that the damages were committed by dogs or wild animals; (4) that any agreement by the municipal officers to adopt the count of the plaintiff as to the number of sheep killed and injured could not bind the town, and (5) that the court's finding, that the only point on which the parties failed to agree was upon the average value of the sheep killed, is not sustained by the evidence.

This is not an action against the town based upon any contractual relations, or the neglect of any of its officers or agents; but is grounded upon the duty imposed by the Legislature upon cities and towns to pay in the first instance the amount of such awards.

The ruling of the court below, that the action was maintainable, necessarily involved the finding of the facts essential for the selection of referees under the statute. So far as the court's ruling involved findings of facts, the only question of law raised by the defendant's exception is whether there was any evidence on which the findings of the court may rest.

No questions are raised as to the procedure of the referees who were selected. The defendant's contentions relate entirely to what it claims is a lack of proof of the necessary grounds for the submission of the question of damages to referees under the statute.

The facts necessary to be found to warrant the selection of referees to determine the damages in such cases are: a notice of complaint by the owner of sheep or other domestic animals claimed to be killed by dogs or wild animals to one of the municipal officers within seven days after knowledge of the killing or injuries; a conclusion arrived at by the municipal officers after investigation that the killing or injuries were due to dogs or wild animals; and a failure to agree with the owner upon the damages within thirty days after notice of the claim.

The only specific finding made by the court below bearing upon either one of these essential facts was a finding that the municipal officers failed to agree upon the "average value" of the animals killed. This finding, however, though urged as a ground for sustaining the defendant's exceptions, it not being the "average value," but the "full value" which, under the statute, is to be agreed upon, was not prejudicial, as the evidence discloses that no agreement on any basis was ever arrived at; nor does it appear that the "average value" was ever made the basis of such negotiations as were entered into.

The defendant's contention, however, that one of the municipal officers could not waive notice of the killing or injuries within seven days of its coming to the owner's knowledge, we think, has merit, and, upon the evidence, requires consideration. In fact, the crux of this case, as viewed by this court, is whether there was evidence upon which a finding by the court below may rest, that notice of injuries to the plaintiff's sheep within seven days of its coming to his knowledge was given to one of the municipal officers of the defendant town.

The award of the referees does not disclose how many sheep were included in their award, whether thirty-one or some less number,

nor the value they placed on any single animal. If then, there appears to have been a statutory notice of the killing of and injuries to such a number of sheep that this court cannot say as a matter of law that the award of the referees may not have been founded upon that number, then it must be treated by this court as final and allowed to stand, provided, of course, other statutory requirements were complied with.

It is undisputed that sometime about the first of September, 1923, the plaintiff notified one of the municipal officers of the defendant town of injuries to a lamb by dogs, and about a week later of the finding of seven sheep lying dead in his pasture which had apparently been dead some little time and six others so badly injured that they had to be killed.

Upon receiving this notice, the board of selectmen of the defendant town visited the plaintiff's farm, heard his story and examined the dead sheep, and from the evidence it cannot reasonably be contended that they were not satisfied that the cause of the injuries to the plaintiff's sheep was dogs.

No judicial inquiry and finding is required by the statute. Only an investigation. This they did, and it is apparent, from their own testimony, that they were fully satisfied that the injuries were caused by dogs.

In fact the Chairman of their Board that very day went to the owners of the dogs suspected of the depredations, and notified them of what had occurred and ordered them to keep their dogs confined.

Other dead sheep were found later to the number of at least eleven, or a total accounted for of twenty-four; and when the flock was taken up from the pasture about the tenth of October, there were thirty-one sheep missing, including the twenty-four already accounted for.

The defendant contends, assuming apparently that the killing of the eleven found after the visit of the selectmen to the plaintiff's farm the first part of September, and whatever caused the disappearance of the seven later discovered to be missing and never accounted for, occurred after the notice given during the first week in September; that no statutory notice is shown to have been given of the loss of more than thirteen sheep; that the award of the referees must have been based on more than that number; and, therefore, the ruling of the court below that this action was maintainable for the full amount of the award was error.

But the court below may have found that the injuries to the plaintiff's sheep all occurred prior to the notice admitted to have been given in the early part of September and that the later discovery of dead sheep was the result of prior depredations; and while the evidence may not be conclusive or even preponderate in support of such a finding, there is some evidence upon which we think a finding to this effect may have been based.

The plaintiff testified that at the time of the visit of the selectmen to his farm following his complaint, there were missing from his flock fifty-four sheep, which he had been unable to find, or forty-one in addition to those already found dead or killed, and he refused to settle at that time until he had determined the extent of his loss.

Soon afterward, he found eleven more dead sheep. When asked how soon, his reply was: "Oh, right off after that; (referring to the finding of the seven carcasses). The next time I got a chance, I looked around and tried to find what live ones we could, and we found twenty-four carcasses which had been killed." This number apparently included the thirteen already found at the time of the visit of the selectmen.

Bearing in mind that a larger number of sheep could not be found at the time of the complaint the first of September, that at that time the owners of suspected dogs were ordered to confine them, and that only dead carcasses appear to have been found after this notice, while before, sheep merely lacerated or torn were also found, it cannot be said that an inference was wholly unwarranted that the damages to the plaintiff's sheep all took place prior to the complaint made early in September.

It is not necessary to state the number of sheep killed or injured in the notice or complaint required under the statute. That is a matter to be investigated or agreed upon when the question of damages comes up for consideration. There would have been no legal objection to the municipal officers in estimating the damages, if they had arrived at that point, taking the count of the plaintiff of the number of sheep killed and injured, if they believed his statement, even though they could not enter into a prior agreement to be bound by it.

The only other fact necessary to be proven to warrant the selection of referees is a failure to agree upon the damages. There is no contention that the damages were agreed upon. It matters not upon

whom the blame falls. Having been satisfied that domestic animals have been injured by dogs or wild animals, the duty is then imposed upon the municipal officers by statutory injunction to estimate the damages, and if they cannot agree with the owner, of selecting a referee. If they do not agree or each select a referee in thirty days, either party may proceed as in the case at bar and select two. Because the plaintiff in this case concluded it would avail nothing for him to meet the municipal officers and discuss damages afforded no excuse for the selectmen in failing to select a referee.

The finding of the court below of the essential facts to warrant the selection of referees by the plaintiff and the submission of the damages to them, being supported by some evidence, the defendants' exception must be overruled.

*It is so ordered.*